similar conditions and circumstances. In a word, the loss of profits in 1901 is not clearly and unmistakably traced to the alleged defects in the catalogues. Even beyond this, the plaintiff has not brought himself within the rule laid down in Parsons v. Sutton, 66 N. Y. 92. The parties who have suffered the damage have not shown that they have so acted as to make their damage as small as they reasonably could. "He must not by inattention, want of care, or inexcusable negligence permit his damages to grow, and then charge it all to the other party." In this case the papers do not show any attempts to procure other catalogues, or that it was impossible to do so, or that the catalogues could be issued only at one particular time, or any one of the many facts to take the case out of the general rule. The attachment must be reduced as indicated.

Attachment reduced as indicated.

(37 Misc. Rep. 41.)

### HUDSON RIVER TEL. CO. v. CITY OF JOHNSTOWN.

### AMERICAN TELEPHONE & TELEGRAPH CO. v. SAME.

(Supreme Court, Special Term, Ulster County. January, 1902.)

MUNICIPAL CORPORATIONS—UNDERGROUND WIRES—INJUNCTION.

    Certain telephone companies brought action to restrain a city from enforcing ordinances requiring the telephone companies operating by overhead wires to remove their wires and poles from the streets, and place them in subways constructed by a third telephone company. The affidavits alleged that the affiants had no control over those subways, that they were dangerous, and that affiants had certain vested rights in the streets, and that the removal would cause an enormous expense. The affidavits by the city alleged that the subways were properly constructed, and the city streets were rendered dangerous by the overhead wires. *Held*, that a motion to continue an injunction pendente lite would not be determined on affidavits, and would be continued only upon condition that the telephone companies would agree to the immediate appointment of a referee, and to go to trial on 10 days' notice, and proceed to a conclusion.

Action by the Hudson River Telephone Company against the city of Johnstown, and by the American Telephone & Telegraph Company against the same defendant. Motion to continue injunction pendente lite granted on conditions.

John A. Delehanty, for plaintiff Hudson River Tel. Co.

William A. McDonald (Melville Egelston, of counsel), for plaintiff American Telephone & Telegraph Co.

Borden D. Smith (Fred. Linus Carroll, of counsel), for defendant.

BETTS, J. The plaintiffs each own and operate telephone lines in certain of the principal streets of the city of Johnstown, and conduct such business by means of overhead wires. The defendant, the city of Johnstown, by an ordinance granted to the Glen Telephone Company, a corporation organized for the purpose of carrying on a telephone business in said city and other places, the right to construct certain subways or conduits in or under certain of the prin-

cipal streets in said city for the purpose of placing its telephone wires therein. The said Glen Telephone Company has constructed certain of said conduits or subways. The ordinance further provided that "all conduits so constructed by it shall be owned by it [i. e., Glen Telephone Company], its successors and assigns, and shall be of sufficient capacity to accommodate the wires of any and all persons, companies or corporations which may hereafter desire or be compelled by the common council of said city to place their wires in conduits; and the person, firm or corporation using such conduits shall from time to time pay or tender to the person, firm or corporation, whose conduits are so ordered used, such sum as compensation for the use of the same as may be reasonable and equitable;" and further provided the method by which the compensation to be paid shall be fixed if the Glen Telephone Company and the party using the conduits should fail to agree upon the same. Later the common council of the defendant adopted a certain ordinance or resolution by which it was provided that "no telegraph company, telephone company or electric light and power company shall erect or keep and maintain any pole or poles, or any other overhead structure or thing, in any of the streets, sidewalks, public places or squares in the city of Johnstown, or extend, keep or use any wire or wires for telegraph, telephone or electric light or power purposes in, along or across any street, sidewalk, public square or public place in said city, where there shall be a conduit or conduits, subway or subways for such wires." The ordinance further provided that all such companies should remove the poles and wires now by them used in any part of said city where such a conduit or subway had been constructed by the Glen Telephone Company, and place their wires in such conduit or subway within 30 days after the service upon them, respectively, of a copy of said amended ordinances and resolutions, and in default of so doing the superintendent of streets was authorized to remove the poles and wires of said companies, respectively. On or about the 16th day of October, 1900, a copy of this ordinance or resolution was served upon an officer of each of the plaintiffs, and thereafter these actions were brought for an injunction restraining the defendant from carrying out and enforcing the provisions of these ordinances and of certain agreements made thereunder between the defendant and the said Glen Telephone Company. Temporary injunctions were issued herein returnable before a special term of this court, and after several adjournments the cases were argued together; the plaintiffs asking for the continuation of the injunctions heretofore granted pending the trial of this action, which defendant opposed.

The plaintiffs' principal contentions are that it is unlawful for the defendant to require them to place their wires in conduits belonging to another company, and over which the defendant has no direct control, and that the conduits so far constructed by the Glen Telephone Company are improperly constructed, and, as a result of such construction are dangerous and unsafe for the use of the different kinds of wires directed by the common council of the defendant to be placed therein; that they (the plaintiffs) are the owners of cer-

tain vested rights in the streets of the defendant, with which the common council has no right to interfere; that the removal of these overhead wires and placing them in conduits of the Glen Telephone Company involves an enormous expense and outlay to the plaintiffs, amounting to substantially an entire replacement of their existing plant in the city of Johnstown; and that they (the plaintiffs) should not be required to submit to such an expense without the necessity therefor clearly appearing, and without it also clearly appearing that the danger arising from the use of such conduits would be less than that now existing in its use of the overhead wires.

The defendant, the City of Johnstown, alleges that the conduits so far constructed by the Glen Telephone Company are properly constructed for the use to which it is designed to put them; that the danger, if any, from the use of these conduits is much less than that from the use of overhead wires; that certain of its principal streets which it refers to are so incumbered by overhead wires belonging to the plaintiffs herein and other corporations as to endanger the lives and property of its citizens; that by the exercise of great care and the use of the most modern and approved methods on the part of the Glen Telephone Company the danger to be apprehended from the joint use of these conduits by the wires of this company and by the wires of other companies using stronger or more powerful currents of electricity has been minimized; and it asks that no injunction be granted pendente lite. It is strenuously insisted by the defendant that the plaintiffs should not be given at the commencement of the litigation the relief that they can only be entitled to, if at all, at its conclusion. Numerous affidavits are read upon this motion by the plaintiffs and the defendant, in which the respective claims of the parties are sustained with a great deal of ingenuity and force.

The situation thus presented is a peculiar one. It clearly appears from the papers submitted by the plaintiffs that if the temporary injunction is denied, and the defendant takes down the overhead wires of these two companies, that not only great direct pecuniary damages will result to them from the destruction of their property, but that existing contracts with their subscribers will be disturbed and broken. They also allege that, if they make these changes themselves, they will be unable, while so doing, to give efficient service, and as the inevitable result they will suffer great financial loss. This is entirely aside from the element of greater danger to be apprehended from the change, upon which the plaintiffs dwell with much force and earnestness.

On the other hand, it is claimed by the defendant that the care and custody of its streets and the regulation of the use thereof belong properly to its common council, and that, having with deliberation decided upon the course which it considered for the best interest of its citizens, the court should not hastily interfere with the exercise of those rights, and that, in the very nature of things, the same consideration could not be given by courts upon conflicting affidavits as to the needs of its citizens and the necessity for a change of method of using its streets by these plaintiffs

that could be and has been given to it by its common council, the body directly charged with that care. The action taken by the municipal authorities of the city of Johnstown is apparently in line with action being taken by many other municipalities in seeking to relieve its streets from the burden and danger to its citizens and property in the maintenance of many overhead wires belonging to and used by electric light, trolley, telegraph, and telephone, and perhaps other, companies. These wires are charged with different degrees of electricity, and are the most of them· of a dangerous nature. It is an action which should be commended, which the increasing use of electricity renders necessary, and which courts are very chary of interfering with.

The conditions in this city of Johnstown, however, differ from many other cities, in that the city has not constructed these conduits, but rival corporations, or corporations which may easily become rivals in the same lines of business, are compelled to use conduits owned by one of them, and to pay compensation therefor without any fixed compensation having been agreed upon, and without the corporation compelled to become such tenant of the conduits having any opportunity to make any suggestions as to the proper kind of conduits to be prepared for its own use; so that by the action of the city authorities these plaintiffs are required to either practically replace their plant in that city at great expense under such conditions as plaintiffs allege make it dangerous to the lives of those using it, or else submit to having its plant in most of the principal streets of defendant destroyed.

If this injunction is not continued, and the wires of plaintiffs are taken down and destroyed, an injunction would be valueless at the end of a trial. These plaintiffs have carried on this business in said city for many years, substantially as they are now doing, except the natural growth thereof. No injury to person or property occasioned by such use was called to my attention on the argument. The questions here involved are of great and far-reaching importance to both plaintiffs and defendant, and should not be determined on conflicting affidavits. It would seem, from such an examination of the conditions presented here as I have been able to give, that the rights of the respective parties would be better conserved by continuing these injunctions pendente lite. This will preserve the rights of the parties as they now are until the determination of these actions. City of Rochester v. Bell Tel. Co., 52 App. Div. 6, 64 N. Y. Supp. 804; High, Inj. §§ 4, 5.

A continuation of this injunction should not, however, be used by any of the parties to this litigation as a cloak under which to seek and obtain delay in the determination of the questions at issue. The venue of these actions is laid, one in Albany county, and one in Fulton county. The calendar in Albany county is large, and, while courts are frequent, if so desired trial could be delayed for some time. I have concluded that the injunctions should be continued, and that a speedy trial should be had. Orders may be handed up continuing these injunctions pendente lite, provided plaintiffs in each case will stipulate to consent to an immediate appoint-

ment of a referee, and to go to trial before such referee upon 10 days' notice, and to proceed to the conclusion of such trial with reasonable rapidity. If the parties can agree upon a referee in both cases, he may be named in the orders submitted; if not, the court will appoint one. If plaintiffs do not so stipulate, injunction may be vacated.

Ordered accordingly.